IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        **Plaintiff/Respondent**,

vs.                                                                       CV 00-1562 JP/LCS
                                                                                     CR No. 99-441 JP

**JOHNNY JOE CROWLEY,**

        **Defendant/Petitioner.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

        1.        This matter is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, filed November 2, 2000. (*Doc. 1*).  Crowley, currently incarcerated and proceeding *pro se*, attacks the sentence entered on August 29, 2000, in the case styled *United States of America v. John Crowley*, and numbered CR 99-441 JP, United States District Court for the District of New Mexico.  The United States Magistrate Judge, having considered the arguments, pleadings, relevant law, and being otherwise fully informed, finds the motion is not well-taken and recommends that it be DENIED.

        2.        On December 7, 1994, Crowley was convicted of two counts of aggravated assault in the Fifth Judicial District Court. He was sentenced to 18-months imprisonment on each aggravated assault count. The sentences ran concurrently, and they were followed by

one year parole. Crowley completed the sentences on September 29, 1997 and commenced his parole on October 31, 1997. On or about September 8, 1998, the Defendant was stopped by the Police for driving erratically. The Police subsequently arrested him in connection with two outstanding felony warrants. While the Police were conducting a standard inventory search of his car, they discovered two semi-automatic pistols. Although, the Defendant was charged with felonies in connection with possession of firearms and narcotics, the State dismissed the charges against the Defendant on June 2, 2000, based upon the indictment in federal court in the instant case.

        3.        In the instant case, the Defendant was indicted in the District of New Mexico on April 21, 1999 and charged with three counts of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant pled guilty to Count II of the indictment, and a Plea Agreement was filed on May 17, 2000. The Plea Agreement stated that Crowley would plead guilty to the possession of firearms in return for the state's promise "not to object to Defendant's request that the sentencing judge order that his sentence in this case be imposed to run concurrently to any undischarged term of imprisonment resulting from the seven-year state sentence he received in Eddy County on July 9, 1999, **to the extent such concurrent sentencing is legally permissible** . . ." (R. 24 at 5).[1] The Plea Agreement also stated that the Defendant's December 7, 1994 conviction of two counts of aggravated assault in the Fifth Judicial District was to run concurrently and therefore be an element of his current offense. (R. 24 at 7-8). There was no mention in the

---

[1] The presentence report also stated that the "Defendant fully understands that determination of the sentencing range or guidelines level, as well as the actual sentence imposed, is solely in the discretion of the Court." (R. 24 at 3).

Plea Agreement that Crowley's July 1999 conviction of distribution of a controlled substance would be considered for the Defendant's offense level.

    4.      The convictions listed in the criminal history section of the Defendant's presentence report reflected a July 9, 1999 sentence imposed upon the Defendant for four unrelated state cases of distribution of a controlled substance, criminal damage to property, failure to appear and escape from a peace officer. None of these convictions involved the charge of possession of a firearm as alleged in the September 8, 1998 felony charge against the Defendant. The state court consolidated the four unrelated counts and the federal presentence report treated them as related and thus awarded the Defendant three criminal history points for the combined offenses in light of the Defendant's concurrent 18 month sentence in those cases.

    5.      The Probation Officer computed the Defendant's total offense level as seventeen (17). *See Presentence Investigation Report*, *USA v. Crowley*, Case No. 99CR-441 JP. The Probation Officer took into account the fact that the Defendant had at least one prior felony conviction for a crime of violence or a controlled substance pursuant to U.S.S.G. 2K2.1(a)(4)(A). *Id.*

    6.      On August 29, 2000, the Honorable James A. Parker sentenced the Defendant to 46 months imprisonment. The judgment stated that the Defendant's term of imprisonment "shall run concurrently to the undischarged term of imprisonment which the defendant is currently serving as a result of his conviction in the Fifth Judicial District Court, Eddy County, New Mexico, CR99-91-JWF." (Rec. 39). The Defendant did not file a direct appeal since the Plea Agreement foreclosed his appellate rights (Rec. 24 at 6). On September 6, 2000, the

Defendant filed a *pro se* motion to correct or reduce his sentence pursuant to 18 U.S.C. §3553(b) and U.S.S.G. §5G1.3(b). The Court denied his motion and subsequently, the Defendant filed this Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 on November 2, 2000.

7. Specifically, the Defendant asserts that the Court should adjust his forty-six month sentence by subtracting twenty-four months to reflect credit for pre-sentence confinement. The Defendant asserts three arguments in support of his motion to set aside his sentence. First, the Defendant argues ineffective assistance of counsel; second, the Defendant asserts that the Federal Bureau of Prisons may not award him credit for time-served in state custody; and third, the Defendant asserts that he was under the influence of court ordered "psychotropic medications" at the time of his sentencing and thus was hindered in his ability to present arguments.

8. With respect to the first claim, ineffective assistance of counsel, the Defendant based his argument on his attorney's alleged failure to argue the Defendant's entitlement to a credit of twenty-four months for time served in state custody prior to his federal arrest and sentencing based on U.S.S.G. §5G1.3(b), application note 2. He also states that his attorney promised but failed to file a motion for reconsideration of his twenty-four month request.

9. In order to establish ineffective assistance of counsel, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688

(1984). A habeas corpus Petitioner has the burden of establishing both elements of the *Strickland* standard. 466 U.S. at 694. Petitioner bears the burden of proving both the deficiency and the prejudice prong of the *Strickland* standard. See *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

10. To demonstrate constitutional deficiency, Crowley must show that "counsel's performance was completely unreasonable, not simply ill-advised in hindsight." *See Fowler v. Ward*, 200 F.3d 1302, 1310 (10th Cir. 2000) (citing *Hoxsie v. Kerby*, 108 F.3d, 1239, 1246 (10th Cir. 1997)). Similarly, to show unconstitutional prejudice, Crowley must demonstrate that but for counsel's errors, there is a reasonable probability that the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. An ineffective assistance claim may be resolved on either performance or prejudice grounds alone. *See Hatch v. Oklahoma*, 58 F.3d 1447, 1457 (10th Cir. 1995).

11. The Petitioner must demonstrate to the court why his counsel's actions fell below an objective standard of reasonableness and that because of his counsel's actions, the proceeding was prejudiced. *Strickland*, 466 U.S. at 688. In this case, the Defendant asserts that the his attorney failed to argue that he was entitled to twenty-four months for time served in state custody pursuant to U.S.S.G. §5G1.3 and that his attorney failed to file a motion to reconsider that request.

12. Defendant first asserts that §5G1.3(b) and the commentary require not only concurrent sentences but also credit for time previously served on the state conviction. The Court agrees with the Plaintiff in that §5G1.3(b) does not apply because

5

defendant's July 1999 state conviction was not fully considered in assessing the federal offense level.

13.     Section 5G1.3 states that if a defendant has an undischarged term of imprisonment resulting from an offense that has been "fully taken into account in the determination of the offense level for the instant offense, the sentence for the instant offense shall be imposed to run concurrently to the undischarged term of imprisonment." *See* U.S.S.G. § 5G1.3(b). The commentary in the following application note states that "when a sentence is imposed pursuant to subsection (b), the court should adjust the sentence for any period of imprisonment already served as a result of the conduct taken into account in determining the guideline range for the instant offense if the court determines that period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons." *See* U.S.S.G. § 5G1.3(b), Application Note 2. The example provided within the note addresses a defendant convicted in federal court for the sale of cocaine. The defendant was previously convicted in state court for a *similar offense* and was serving six months of a nine month sentence. The federal judge subsequently sentenced him to thirteen months imprisonment to run concurrently with the three months remaining on the defendant's state sentence. The note stated that because the defendant had already served six months of the *related state charge* as of the date of sentencing on the instant federal charge, a sentence of seven months, was imposed to run concurrently with the three months remaining on the defendant's state sentence.

14.     First, the Defendant's sentence in state court was for distribution of a

6

controlled substance, criminal damage to property, and failure to appear and escape from a peace officer. The presentence report refers to the state convictions, including the July 1999 sentence, for the calculation of the Defendant's criminal history and not for the determination of the offense level. *See Presentence Investigation Report*, *USA v. Crowley*, Case No. 99CR-441 JP. Therefore, §5G1.3(B), by its plain language, does not apply. Courts have upheld similar determinations where the defendant was not entitled to credit because the PSR only mentioned the prior offense in the computation of the criminal history and not in the computation of the offense level. *See United States v. Cuevas,* 107 F.3d 22, 1997 WL 2725 (10th Cir. Kan); *see also USA v. Merritt*, 234 F.3d 1279, 2000 WL 1171142 (9th Cir. Cal.).

15. Second, the Plea Agreement, itself, stated that the only offense to be taken in to account in the determination of Crowley's offense level for the instant offense would be his fully discharged aggravated conviction for possession of a firearm. And lastly, the application note also supports this conclusion. The note depicted a situation where the defendant's sentence was adjusted to reflect time served on a previous sentence because the previous sentence involved a *related state charge*. *See §5G1.3 Application Note 2*. That is not the case here. Crowley's July 1999 sentences involved controlled substances. The sentence imposed in this court on August 29, 2000 involved a charge of possession of a firearm.

16. Therefore, pursuant to §5G1.3(b) and the Plea Agreement filed on May 17, 2000, the Defendant is not entitled to credit for time previously served on the July 1999 state conviction. Consequently, the Defendant's argument of ineffective assistance must fail since the Defendant failed to demonstrate that "counsel's representation fell below an objective

standard of reasonableness" and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688.

17. The Defendant's second claim turns on the fact that the Federal Bureau of Prisons may not give credit for time done in state custody. It is unclear with respect to the record and the Defendant's pleading whether the Bureau has made an administrative determination in this case. The Court agrees with the Plaintiff in that the Bureau of Prisons has not yet denied Crowely's right to a concurrent sentence. Therefore, Crowley's claim for review is not ripe. *See United States v. Wilson*, 503 U.S. 329, 331-37 (1992); *ses also United States v. Woods*, 888 F.2d 653, 654 (10th Cir. 1989) (defendant must exhaust administrative remedies before seeking judicial review).

18. The Defendant next argues that "[he] was under the effect of psychotropic medications at the time of sentencing therefore [hindering] his ability to present arguments when defense council [sic] failed to do so." *See Pl.'s Motion* at 7. This claim could only succeed if the Defendant's attorney was in fact ineffective. Since the Court has concluded the Defendant's ineffective assistance of counsel claim unpersuasive because the Defendant failed to show that "counsel's representation fell below an objective standard of reasonableness," the Court finds that this argument must also fail.

19. After reviewing the submissions of the parties, it is clear that the Petitioner was appropriately sentenced pursuant to the United States Sentencing Guidelines and the Plea Agreement and that he did not receive ineffective assistance of counsel. Therefore, this Court

recommends that the Petitioner's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. §2255 be denied.

### **Recommended Disposition**

I recommend denying the Plaintiff's Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and Motion to Supplement the Record and dismissing this action with prejudice. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE